IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAFAEL MORA CONTRERAS,

    Petitioner,

v.

PAT GARRETT, Washington County Sheriff,

    Respondent.

Case No. 3:19-cv-00554-BR

ORDER

BROWN, Senior Judge.

Petitioner, a pretrial detainee at the Washington County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, Petitioner must show cause why the Court should not summarily dismiss his Petition for Writ of Habeas Corpus.[1]

---

[1] Habeas petitions brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. Under Rule 1(b), the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241. Under Rule 4, the court must undertake a preliminary review of each

1 - ORDER -

## BACKGROUND

On April 28, 2003, a Washington County jury found Petitioner guilty of aggravated murder, intentional murder, felony murder, and first-degree kidnaping. *State v. Mora-Contreras*, Washington County Case No. C012039CR (docket sheet). On June 5, 2003, Washington County Judge Timothy Alexander sentenced petitioner to life in prison without the possibility of parole. *Id.* The Oregon Court of Appeals affirmed petitioner's conviction without opinion, and the Oregon Supreme Court denied review. *State v. Mora-Contreras*, 215 Or. App. 703, 170 P.3d 1137 (2007), *rev. denied*, 344 Or. 539, 186 P.3d 285 (2008). However, on January 31, 2018, the Marion County Circuit Court granted state post-conviction relief to Petitioner and remanded the case to Washington County for a retrial. *Mora-Contreras v. Belleque*, Marion County Case No. 08C25103 (docket sheet). Petitioner is currently scheduled to be retried in Washington County Circuit Court commencing on April 7, 2020. *State v. Mora-Contreras*, Case No. C012039CR (docket sheet).

In his Petition for Writ of Habeas Corpus to this Court, petitioner alleges three claims for relief. First, Petitioner alleges denial of his Sixth Amendment right to a speedy trial.

---

petition for writ of habeas corpus. Upon such review, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

2 - ORDER -

Second, Petitioner alleges a double jeopardy claim because he was "acquitted" of the charges and is "being punished again." Third, Petitioner alleges the Washington County Jail is violating his right of access to the courts by denying him access to all of his legal records in order to aid and assist in his defense.

## DISCUSSION

### I. Speedy Trial

"[A]bstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution," absent a showing of extraordinary circumstances. *Brown v. Ahern*, 676 F.3d 899, 901-03 (9th Cir. 2012); *Carden v. State of Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *See also Coleman v. Ahlin*, 542 F.App'x 549, 551 (9th Cir. 2013) (holding that district court may raise abstention *sua sponte*). Extraordinary circumstances exist in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, or in other extraordinary circumstances where the petitioner will be irreparably harmed *by waiting until after trial* to raise his speedy trial claim. *Brown*, 676 F.3d at 902; *Carden*, 626 F.2d at 84.

Here, it is apparent Petitioner is asserting his speedy trial claim as an affirmative defense to the state re-prosecution of the

3 - ORDER -

crimes for which he was granted state post-conviction relief. Accordingly, Petitioner must show cause what extraordinary circumstances warrant this Court's intervention into his pending state prosecution.

## II. Double Jeopardy

The Double Jeopardy Clause "'protects against successive prosecutions for the same offense after acquittal or conviction.'" *Lemke v. Ryan*, 719 F.3d 1093, 1099 (9th Cir. 2013) (quoting *Monge v. California*, 524 U.S. 721, 727-28 (1998)), *cert. denied* 571 U.S. 1212 (2014). However, "[t]he Double Jeopardy Clause is not an absolute bar to successive trials." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308 (1984). "It does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988); *see also United States v. Scott*, 437 U.S. 82, 90-91 (1978); *United States v. Tateo*, 377 U.S. 463, 465 (1963).

Here, Petitioner alleges that the Double Jeopardy Clause bars his retrial because he was "acquitted" of the charges. Petitioner's claim lacks merit because it appears his retrial comes after his conviction was vacated on collateral review, which is not the equivalent of an "acquittal." Such a retrial does not violate

the Double Jeopardy Clause. Accordingly, Petitioner must show cause why the Court should not summarily dismiss the Petition.

### III. Denial of Access to the Courts

When a state prisoner is challenging the very fact or duration of the prisoner's physical confinement, and the relief that the prisoner seeks is a determination that the prisoner is entitled to immediate or speedier relief from imprisonment, the prisoner's sole remedy is a writ of habeas corpus. *Prieser v. Rodriguez*, 411 U.S. 475, 500 1973); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). Where, however, a state prisoner seeks to the challenge the *conditions* of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser*, 411 U.S. at 498-99).

Here, a petition for writ of habeas corpus pursuant to § 2241 is not the proper vehicle for Petitioner's claim of denial of access to the courts. Such a claim does not implicate the fact or duration of petitioner's confinement.

In an appropriate case, a habeas petition may be construed as a civil rights complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a court may construe a habeas petition as a civil rights action, it is not required to do so. There are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is

granted, the fee is forgiven. For civil rights cases, however, the fee is $400, and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted *in forma pauperis*, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Accordingly, the Court declines to construe Petitioner's denial of access claim as a civil rights complaint, and dismisses the claim without prejudice to Petitioner filing a separate federal civil rights action, with the necessary filing fees, if he chooses to do so.

**IV. Motion for Appointment of Counsel**

The Court denies Petitioner's motion for appointment of counsel on the basis that the interests of justice do not warrant appointment. See *Roe v. Coursey*, 469 F. App'x 622, 624 (9th Cir. 2012) (explaining that a habeas petitioner does not have a constitutional right to counsel); 18 U.S.C. § 3006A(a)(2)(B) (providing that the court may appoint counsel for a petitioner seeking relief under 28 U.S.C. § 2241 in the interests of justice). Petitioner may renew his request for counsel upon a satisfactory showing that extraordinary circumstances exist to warrant this Court's intervention into his state prosecution.

## CONCLUSION

For these reasons, IT IS ORDERED that Petitioner must show cause in writing within 30 days of the date of this Order why his habeas claims of denial of speedy trial rights and double jeopardy should not be summarily dismissed. IT IS FURTHER ORDERED that Petitioner's denial of access to the courts claim is DISMISSED, without prejudice to Petitioner's rights to file a separate civil rights action pursuant to 42 U.S.C. § 1983.

The Court DENIES Petitioner's Motion for Appointment of Counsel (ECF No. 3).

IT IS SO ORDERED.

DATED this 30th day of April, 2019.

_____
ANNA J. BROWN
United States Senior District Judge